UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

DEC 22 2015

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC, AND EDUCATION MANAGEMENT SERVICES, LLC,<br>    Movants,<br><br>v.<br><br>THE NICK VERTUCCI COMPANIES, INC., AND NICK VERTUCCI,<br>    Respondents.<br><br>----------------------------------------------------<br><br>THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI,<br>    Movants,<br><br>v.<br><br>MARIO GARCIA,<br>    Respondent. | §§§§§§§§§§§§§§§§§§§§§§ | Cause No. SA-15-MC-01106-OLG<br>[Underlying Lawsuit:<br>Case No. 8:14-CV-00546-AG-DFM,<br>in the United States District Court<br>for the Central District of California] |

**ORDER**

On this date the Court considered Movants Real Estate Training and Education Management Services's Expedited Motion to Quash or Alternatively Issue a Protective Order (docket no. 1) and Respondent Nick Vertucci's Opposition to said motion (docket no. 2). Along with its opposition, Vertucci filed a Motion to Compel Non-Party Mario Garcia's Compliance with subpoenas (*see* docket no. 2). After careful consideration and for the reasons stated below, the Court DENIES Movants' Motion to Quash and/or for a Protective Order, and GRANTS Vertucci's Motion to Compel.

1

Rule 26(c) of the Federal Rules of Civil Procedure empowers a district court to issue an order to protect a party or witness from whom discovery is sought. FED. R. CIV. P. 26(c). "A party seeking a Rule 26(c) protective order prohibiting deposition testimony and document production must establish good cause and a specific need for protection." *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003) (citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990)). The party moving for a protective order carries the burden of establishing the need for the protective order, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. *Ferko*, 218 F.R.D. at 133 (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)). If the movant meets his burden, the court may issue an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." FED. R. CIV. P. 26(c). In deciding whether to grant a motion for a protective order, the court has significant discretion. *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

Protective orders prohibiting depositions are rarely granted. *See Sw. Bell Tel., L.P. v. UTEX Comm. Corp.*, No. A-07-CV-435-RP, 2009 WL 8541000, at *2 (W.D. Tex. Sept. 30, 2009) (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)); *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 92 (N.D. Tex. 1994) Furthermore, the standard for quashing a deposition in its entirety is "extraordinary circumstances." *Salter*, 593 F.2d at 651. In this case, the Court finds Movants have failed to show there is good cause or extraordinary circumstances to quash Vertucci's subpoenas in relation to non-party Mario Garcia, or to issue a protective order. Movants have not met their burden of showing the depositions and request for production

of documents are unreasonably cumulative and duplicative, and have failed to establish why a protective order is needed. *See Meltzer/Austin Restaurant Corp., et al., v. Benihana National Corp.*, No. A-11-CV-542-LY, 2013 WL 2607589, at *13 (W.D. Tex. June 10, 2013). The Court finds the deposition and documents sought by Vertucci from non-party Mario Garcia are relevant. Therefore, the Court DENIES Movants' Motion to Quash and/or for a Protective Order (docket no. 1), and GRANTS Vertucci's Motion to Compel (docket no. 2).

It is hereby ORDERED that Vertucci and Mario Garcia confer on a time and place for Garcia's deposition. It is ORDERED that Mario Garcia must provide deposition testimony in relation to this case no later than January 22, 2016. It is further ORDERED that Mario Garcia produce the documents requested in Vertucci's Motion to Compel (docket no. 2) no later than January 15, 2016. Finally, Vertucci's request for expenses on drafting its motion to compel is hereby DENIED.

It is so ORDERED.

SIGNED this 22 day of December, 2015.

United States District Judge Orlando L. Garcia